JENNINGS, A MINOR, APPELLANT, *v.* EBIE, APPELLEE.*

(No. 1078—Decided April 27, 1957.)

*Messrs. Casper & Casper* and *Mr. Carl Morgenstern,* for appellant.

*Mr. Harry S. Wonnell,* for appellee.

LONG, J. This is an appeal on questions of law from a judgment of the Court of Common Pleas of Butler County, in favor of the defendant, appellee herein. Briefly stated, the facts indicate that the plaintiff, appellant herein, is a boy just past six years of age. At the time in question, plaintiff darted between two parked cars, not at a crosswalk, and was struck by defendant's automobile. The defendant was traveling between 15 and 20 miles per hour, in a 35 miles per hour zone, and did not see plaintiff "until his head appeared in my right front fender"; he applied his brakes immediately, and there is no dispute that his car did not proceed a car length after striking the plaintiff. A search of the record convinces this court that the accident would not have happened except for the conduct of the plaintiff; and that the defendant did everything humanly pos-

*Motion to certify the record overruled, October 30, 1957.

sible to avoid injuries to the plaintiff, and we can come to no other conclusion than that the defendant was free from negligence.

The verdict in the case was a general one in favor of the defendant. Plaintiff did not seek to test the accuracy of the verdict by interrogatory or special verdict. This court must, therefore, assume that in arriving at its verdict, the jury could very well have first determined that defendant was free from negligence. In such case, it would not be necessary for the jury to consider whether the plaintiff was guilty of negligence.

It is further urged upon us that the trial court was in error in not permitting the plaintiff to testify. An examination of the record on this point shows that the trial court exercised the sound discretion vested in it in determining the competency of the plaintiff as a witness.

The examination of the plaintiff by the court was as follows:

"Q. Is this the second time you have been in the first grade? A. Yes.

"Q. You know what happens when you tell a lie? A. Yes.

"Q. What? A. You tell your Mommy.

"Q. Well, you know about God? A. No."

Section 2317.01, Revised Code, provides as follows:

"All persons are competent witnesses except those of unsound mine, and children under ten years of age who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly."

We agree with the trial court, that the plaintiff, as shown by the above examination, did not pass the test of competency prescribed by the statute.

Finding no errors prejudicial to the plaintiff, this court affirms the judgment of the Court of Common Pleas of Butler County.

*Judgment affirmed.*

HILDEBRANT, P. J., and MATTHEWS, J., concur.